# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

LAL BHATIA,

Plaintiff-Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; DOES 1 THROUGH 50,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:13-CV-199

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lal Bhatia, federal prisoner # 97562-011, appeals the dismissal of his complaint alleging violations of the Privacy Act, 5 U.S.C. § 552a, et seq., and the Due Process and Equal Protection Clauses and the Separation of Powers Doctrine. The district court dismissed the complaint for failure to state a claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60780

We must raise the issue of subject matter jurisdiction sua sponte. Bhatia named several federal agencies as defendants. The district court lacked subject matter jurisdiction over Bhatia's claims that these agencies violated his constitutional rights because *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), does not provide a cause of action against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 486 (1994). We therefore affirm the district court's judgment as modified to be for lack of jurisdiction with respect to Bhatia's constitutional claims against the federal agencies.

We review do novo the district court's dismissal of Bhatia's Privacy Act claims and constitutional claims against unnamed individual defendants. *See Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc). The district court correctly concluded that the records at issue are exempt under the law enforcement exemption in § 552a(j)(2). The district court also correctly concluded that Bhatia's Privacy Act claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because a favorable decision in the instant case would necessarily imply the invalidity of Bhatia's convictions. *Heck* also bars Bhatia's constitutional claims against the unnamed individual defendants for the same reason. We therefore affirm the district court's judgment.

AFFIRMED AS MODIFIED.